FILED
BILLINGS DIV.
2011 JAN 26 AM 11 24
PATRICK E. DUFFY, CLERK
BY_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| JONATHAN LEE RICHES, | Cause No. CV 11-00009-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | RECOMMENDATION AND ORDER |
| CAM NEWTON, et al., | |
| Defendants. | |

Plaintiff Jonathan Lee Riches, a federal prisoner proceeding pro se, submitted a two-page document seeking a preliminary injunction and temporary restraining order against defendants (the Auburn Tigers quarterback and his father) alleging that they are threatening him for whistleblowing. He seeks protection, a restraining order, and Newton's and Reggie Bush's Heisman trophies. Riches has applied to proceed in forma pauperis.

Riches is a U.S. Bureau of Prisons inmate housed at the Federal Medical Center in Lexington, Kentucky, where he is serving a

cumulative 125-month sentence for conspiracy and wire fraud imposed in June of 2004. See United States v. Riches, Criminal No. 03-090 (S. D. Texas). According to the federal court docket, Riches has filed more than 1500 prisoner civil rights cases in various federal courts since 2004, leveling fantastic claims against individuals, corporate entities, or inanimate objects.

Permission to proceed in forma pauperis is discretionary with the Court. See 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Records show Riches has plainly abused court process. A review of federal court records on the U.S. District Web PACER Docket Report reveals that of the thousands of frivolous cases Riches filed in federal courts while incarcerated, at least twenty were dismissed as frivolous, malicious, or for failing to state a claim upon which relief could be

granted, including: Riches v. Doe, 1:07-cv-20042 (S.D.Fla. Jan. 24, 2007); Riches v. NASA, 2:07-cv-14308 (S.D.Fla. Nov. 14, 2007); Riches v. Warren, 0:09-cv-60226 (S.D.Fla. Apr. 2, 2009); Riches v. Bureau of Prisons, 6:06-cv-194 (D.S.C. Mar. 20, 2006); Riches v. Bush, 4:06-cv-442 (D.S.C. Mar. 22, 2006); Riches v. Guantanamo Bay, 2:07-cv-13041 (E.D.Mich. Aug. 8, 2007); Riches v. Swartz, 7:07-cv-379 (W.D.Va. Aug. 13, 2007); Riches v. James, 1:07-cv-2486 (N.D.Oh. Aug. 23, 2007); Riches v. Bonds, 3:07-cv-375 (N.D.Ind. Aug. 16, 2007); Riches v. Pelosi, 3:07-cv-3695 (N.D.Ca. Aug. 30, 2007); Riches v. Schiavo, 8:07-cv-1644 (M.D.Fla. Sept. 18, 2007); Riches v. Snipes, 5:07cv-376 (M.D.Fla. Sept. 24, 2007); Riches v. Simpson, 6:07-cv-1504 (M.D.Fla. Sept. 24, 2007); Riches v. Shiavo, 8:07-cv-1730 (M.D.Fla. Sept. 27, 2007); Riches v. Wal-Mart Stores Inc., 4:07-cv-780 (E.D.Ark. Oct. 2, 2007); Riches v. Peterson, 3:07-cv-4539 (N.D.Ca. Oct. 3, 2007); Riches v. Craig, 1:07-cv-538 (D.Del. Oct. 5, 2007); Riches v. Brady, 8:07-cv-2666 (D.Md. Oct. 9, 2007); Riches v. Noriega, 2:07-cv-619 (M.D.Fla. Oct. 17, 2007); and Riches v. Trump, 3:07-cv-478 (D.Nev. Oct. 17, 2007).

  These complaints have been characterized by members of the

federal bench as delusional, frivolous, fanciful, and just plain "nutty."

At least one federal court has issued a permanent injunction prohibiting Riches from attempting to file any new lawsuit without first obtaining leave of court. See Order of the Honorable Willis B. Hunt, Jr., Northern District of Georgia, entered in nearly 300 cases filed by Riches, dated March 25, 2008. ( e.g. 1:08-CV-0498-WBH). Another federal district court has issued a standing order prohibiting Riches from filing any civil complaints without payment of the full statutory filing fee. See In Re Riches, Misc. No. GAP-07-33 (M. D. Fla.).

Riches has vastly exceeded the three "strikes" allowed by the PLRA to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of Section 1915(g). While Riches alleges his life is in danger from a college football player, there is no plausible contention that such could be the case. Riches is incarcerated in a federal medical facility and there is no allegation that any of the named Defendants are incarcerated in that same facility. In

fact, the Complaint is just another in the series of unquestionably frivolous civil actions Riches has filed in federal courts across the nation.

While the Court ordinarily gives litigants a period of time to pay the full filing fee of $350.00, it will not do so in this case. Court records show that over the course of Riches's history of filing frivolous complaints he has been warned on numerous occasions that he cannot submit such filings without payment of the filing fee or demonstrating imminent danger of serious physical harm. Riches has a history of abusing the system and filing repetitive and frivolous lawsuits. Long before he filed this action, Riches knew, from his previous filings, that he probably would not be permitted to proceed in forma pauperis.

No motion for reconsideration will be entertained.

Based on the foregoing, the Court **RECOMMENDS** that the following Order be issued by Judge Cebull.

DATED this 25th day of January, 2011.

Carolyn S. Ostby
United States Magistrate Judge

Based upon the recommendation of Judge Ostby, the Court issues the following:

## ORDER

1. Plaintiff's Motion to Proceed in Forma Pauperis (Court Doc. 1) is **DENIED** pursuant to 28 U.S.C. § 1915(g).

2. The Clerk of Court is directed to terminate all pending motions, close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. No motions for reconsideration or rehearing will be entertained and the Clerk of Court is directed to discard any such motions.

DATED this 26th day of January, 2011.

RICHARD F. CEBULL
United States District Judge